UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-97 |
| MICHAEL COLLIER | SECTION "A" (1) |

### ORDER AND REASONS

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 42)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Michael Collier. For the following reasons, the motion is denied.

I. **BACKGROUND**

On October 30, 2018, Collier pled guilty to Count 1 of the Indictment that charged him with attempted bank robbery in violation of 18 U.S.C. § 2113(a). (Rec. Doc. 34, p. 1, Judgment). The Court then sentenced Collier on January 29, 2019 to a total term of imprisonment of 160 months. *Id.* at 2. Collier is currently being housed at USP Coleman I in Coleman, Florida. (Rec. Doc. 42, Collier's Memorandum in Support). On May 21, 2020, Collier filed a Motion for Compassionate Release because of the COVID-19 outbreak, and the Court will now address the merits of his motion.

II. **DISCUSSION**

Collier filed his motion for a sentence modification under the First Step Act of 2018. he asks the Court to grant his compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). This statute allows for the modification of a term of imprisonment upon a finding that certain extraordinary and compelling reasons warrant a reduction in an inmate's sentence. As amended by the First Step Act in December of 2018, the compassionate release provision provides that:

> (c) Modification of an Imposed Term of Imprisonment — the court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.][1]

Although sentence reductions under § 3582 historically could be ordered only upon a motion by the Director of the BOP, the First Step Act of 2018 amended the statute to allow prisoners to petition the district courts as set forth above. However, as the statute makes clear, prior to filing motions for release in the district court, a prisoner must first exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of his request for release, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision is set out in mandatory terms—the district court can modify a sentence only after

---

[1] 18 U.S.C. § 3582(c)(1)(A).

the defendant has exhausted administrative remedies. This mandatory language includes no exceptions, equitable or otherwise.

Here, Collier has not alleged that he submitted a request to the warden in support of his claim, and the BOP has affirmed that no such request was received. Thus, by filing the instant motion, Collier aims to have this Court waive the exhaustion prerequisite due to the grave dangers presented by COVID-19. However, the Court has no power to waive the exhaustion requirement. *See United States v. Vedros*, No. CR 14-237, 2020 WL 2838589, at *2 (E.D. La. June 1, 2020) (Africk, J.) (where an inmate alleged he submitted a request but provided no documentation and the BOP had no record of it, the Court dismissed the motion without prejudice). The Supreme Court has stated that "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992), superseded by statute on other grounds as stated in *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *see also Booth*, 532 U.S. at 741 n.6 ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *see generally Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; this is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to."). Thus, because the Court cannot waive the requirement that Collier exhaust his administrative remedies, the Court has no authority to modify his sentence under § 3582.

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 42)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Michael Collier is **DENIED**.

July 13, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE