UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-97 |
| MICHAEL COLLIER | SECTION "A" (1) |

### ORDER AND REASONS

Before the Court is a **Motion for Compassionate Release (Rec. Doc. 49)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Michael Collier. For the following reasons, the motion is denied.

I. **BACKGROUND**

On October 30, 2018, Collier pled guilty to Count 1 of the Indictment that charged him with attempted bank robbery in violation of 18 U.S.C. § 2113(a). (Rec. Doc. 34, p. 1, Judgment). The Court then sentenced Collier on January 29, 2019 to a term of imprisonment of 160 months. *Id.* at 2. Collier is currently being housed at USP Coleman I in Coleman, Florida. (Rec. Doc. 42, Collier's Memorandum in Support).

On May 21, 2020, Collier filed his first Motion for Compassionate Release because of the COVID-19 outbreak. However, because Collier had failed to exhaust his administrative remedies before filing, the Court denied this request. (Rec. Doc. 44). Subsequently, on October 8, 2020, Collier filed his second Motion for Compassionate Release. (Rec. Doc. 49). The Court will now address this motion.

II. **DISCUSSION**

A. **Extraordinary and Compelling Reasons**

28 U.S.C. § 994(t) provides: "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title

18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Accordingly, the relevant policy statement of the Commission is binding on the Court.[1]

The Sentencing Guidelines policy statement is found in § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging

---

[1] *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (where 18 U.S.C. § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the Court).

process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Additionally, to obtain compassionate release, the defendant has the burden of demonstrating "that he 'is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" *United States v. Reed*, No. CR 15-100, 2020 WL 2850145, at *4 (E.D. La. June 2, 2020) (Fallon, J). "Section 3142(g) requires the court to consider factors such as the nature and circumstances of the charged offense, the history and characteristic of the defendant, and the nature of seriousness of the danger to a person or the community at large posed by the defendant's release." *Id.* (citing 18 U.S.C. § 3142(g)). Generally, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (Dick, J.).

Here, the Court finds that Collier has failed to present evidence of extraordinary and compelling reasons to modify his prison sentence. He has failed to demonstrate that he is not a danger to the safety of any other person or to the community. Collier is currently serving a sentence for an offense that he committed shortly after release from another 160-month federal sentence for a similar robbery. (Rec. Doc. 29). The grant of compassionate release in this instance would effectively reduce Collier's sentence for this current offense from 13.3 years to approximately 2.3 years. Collier's extensive criminal record suggests his

dangerousness if released. (Rec. Doc. 29). He was previously convicted of robbery in 1993, 1995, 2000 (two separate robberies), and 2006. *Id.* He was released several times on probation, parole, or supervised release. *Id.* He fared poorly while under supervision, and each of his previous robbery convictions resulted in violations of his release. *Id.* Collier's last robbery conviction before this present offense occurred in 2006, and the facts of that case are very similar to this present offense. *Id.* He has additional convictions for unauthorized use of a moveable (1992, adjustment to probation unsatisfactory), possession of cocaine (1994, adjustment to supervision unsatisfactory), and simple battery (1994, adjustment to supervision unavailable). *Id.* Further, Collier has not suggested that he is presently unable to take care of himself within the confines of his facility.

However, the Court is concerned about Collier's health. The Court is cognizant of the following health conditions:

> Michael Collier is a 59 year old currently diagnosed with hyperlipidemia, obesity, hypertension, and chronic pain due to history of trauma to his neck, left shoulder, and upper back. In 1986, he fell 17 floors and suffered fractured discs in lumbar and injured nerves in the C spine. He underwent multiple surgeries and had a spinal cord stimulation devices implanted into his right side. According to his medical records, the implanted devices are not functioning well and have not functioned well since 2003. He expressed to the doctors that he thinks the devices may have shifted in his back. He presents with swelling, inflammation, joint deformity, tenderness, and decreased range of motion. He has requested x-rays and for the devices to be removed. The x-rays were ordered, and the medical records indicate "no significant change" in his spine but do not address the implanted devices. He is also experiencing lesions along his scalp and neck.

The staff of the Court has contacted the Warden, and the Court was informed that Collier will be scheduled through Wellpath to have a CT Milogram through University of Florida Shands Hospital regarding the implanted spinal cord stimulation devices.

Accordingly;

**IT IS ORDERED** that the **Motion for Compassionate Release (Rec. Doc. 49)** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant Michael Collier is **DENIED**.

November 30, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE